IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LYNNESHA YOUNG**, by and through her mother/next of kin, **LAKENZIE HERRING**, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Case No. 05-cv-0497-MJR ) |
| **DR. VIJAY NAMA,** **ST. LOUIS UNIVERSITY FAMILY PRACTICE CLINIC,** **DR. CHARLES ROBACKER,** and **ST. ELIZABETH'S HOSPITAL,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In June 1999, Lakenzie Herring had a baby at St. Elizabeth's Hospital in Belleville. The infant was delivered by Dr. Vijay Nama, under the supervision of Dr. Charles Robacker, in the St. Louis University Family Practice Clinic at St. Elizabeth's.

In June 2005, Herring filed suit (on behalf of her daughter, Lynnesha) in the Circuit Court of St. Clair County, Illinois against Nama, Robacker, St. Elizabeth's Hospital, and the Family Practice Clinic. Herring alleged that Defendants negligently breached the applicable standard of care, for instance by vaginally delivering the baby (rather than performing a c-section), resulting in injury and disfigurement to the child.

On July 13, 2005, Defendant Robacker (a member of the United States Air Force and an employee of the United States) removed the case to this United States District Court pursuant to **28 U.S.C. § 1442(a)(1),** which permits removal of any state court civil action against any officer of

-1-

the United States or any agency thereof "for any act under color of such office," and **28 U.S.C. § 1442a**, which permits removal of any state court civil action against a member of the armed forces of the United States for any act done "under color of his office."

With the removal petition, Robacker filed a "Certification of Scope of Employment" signed by United States Attorney Ronald Tenpas which certifies that Robacker was acting within the scope of his employment/office as an employee of the United States and a member of the U.S. Air Force at the time of the incident out of which Plaintiff's claims arose. *See* Exh. B to Doc. 1.

This certification means that the action against Robacker is deemed to be an action against the United States under the Federal Tort Claims Act, **28 U.S.C. § 2671,** *et seq.* Section 2679(d)(2) provides, in these circumstances, that the United States "shall be substituted as the party defendant." The certification of the Attorney General (via his designated representative, the United States Attorney) conclusively establishes the scope of office/employment for purposes of removal. **28 U.S.C. § 2679(d)(2); 28 C.F.R. §§ 15.3, 15.4.**

Accordingly, the Court **GRANTS** the motion for substitution (Doc. 4) and **SUBSTITUTES** the United States of America in place of Defendant Charles Robacker. Robacker shall no longer be listed in the caption of any pleadings filed herein.

**IT IS SO ORDERED.**

**DATED this 15th day of July, 2005.**

s/ Michael J. Reagan  
**MICHAEL J. REAGAN**  
**United States District Judge**